UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALLEN MORRIS,

                      Plaintiff,

     v.                                                         7:09-CV-1412
                                                                             (TJM/GHL)

JEFFERSON COUNTY PUBLIC DEFENDER'S OFFICE,

                      Defendant.

APPEARANCES

Allen Morris
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION & ORDER**

      Plaintiff Allen Morris, an inmate currently incarcerated at Oneida Correctional Facility, has submitted a civil rights complaint, application to proceed *in forma pauperis*, and inmate authorization form. Dkt. Nos. 1-3. Based on the following, first, I recommend that Plaintiff file an amended complaint should Plaintiff wish to avoid dismissal of this action. Second, Plaintiff's application to proceed *in forma pauperis* is denied.

**I.**    **THE COMPLAINT**

      Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per

curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The complaint alleges the following:  On July 29, 2009 at Cape Vincent Correctional Facility, Plaintiff was found guilty of possessing drugs.  Dkt. No. 1 at 4.  Plaintiff appealed this determination, but before he received a decision, the superintendent of that facility "had [Plaintiff] sent out to the Town of Cape Vincent and arraigned on the drug charge."  *Id.*  Plaintiff apparently claims that his due process rights were violated because he was arraigned before receiving a decision regarding his appeal. *Id.*

During the state court proceeding, Matthew Porter ("Porter"), an attorney from the Jefferson County Public Defender's Office ("Defendant"), was assigned to represent Plaintiff.  Dkt. No. 1 at 5. Plaintiff appears to claim that this attorney failed to provide effective assistance of counsel by failing to "resolve[]" the alleged due process violation.  *Id.*  Plaintiff requests monetary damages.  *Id.* at 7.

Plaintiff's allegations clearly pertain to an alleged wrongdoing by Porter.  However, section 1983 creates a cause of action only against persons acting under color of state law.  *See*, *e.g.*, *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995).  A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *accord Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).  Therefore, Porter did not act under color of state law.

To the extent that Jefferson County Public Defender's Office is named as the defendant, Plaintiff has failed to set forth any *specific* allegations against this entity.  Moreover, assuming Defendant is a municipal entity, Plaintiff fails to set forth allegations of municipal custom or policy

sufficient to state a claim against Defendant.[1]  Further, because Porter is not subject to suit under section 1983, it follows that, in the absence of any specific allegations of wrongdoing, no cause of action would ensue against Defendant.[2]  Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

However, in light of the special solicitude afforded to *pro se* litigants in the Second Circuit, I recommend that Plaintiff may file an amended complaint within thirty (30) days of the filing date of any Order adopting this Report and Recommendation should he wish to avoid dismissal of the action.  Any amended complaint, which shall supersede and replace in its entirety Plaintiff's original complaint (Docket No. 1), must contain a short and plain statement of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b).  The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

---

[1] "A municipality or municipal entity cannot be held liable under Section 1983 on a respondeat superior theory." *Bliven v. Hunt*, 478 F. Supp. 2d 332, 336 (E.D.N.Y. 2007) (citing *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  "Rather, to establish municipal liability under § 1983 for unconstitutional acts by a municipality's employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal custom or policy."  *Powell*, 2005 WL 3244193, at *5; *Monell*, 436 U.S. at 690-691 ("[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.").

[2] *See Franklin v. Warren County D.A.'s Office*, No. 1:08-CV-0801, 2009 WL 161314, at *2 (N.D.N.Y. Oct. 10, 2008) (Treece, M.J.) (recommending dismissal of "Warren County Public Defenders" and noting that because a public defender is not subject to suit under section 1983, "it follows that, in the absence of any specific allegations of wrongdoing, no cause of action would ensue" against the Public Defenders), *adopted to the extent it was consistent with Franklin*, 2009 WL 161314, at *4-6 (N.D.N.Y. Jan. 21, 2009) (Sharpe, J.) (noting that to the extent the suit was brought against the county public defender's office, the suit is in reality one against the county as a municipality; and dismissing county public defender's office because there was no indication that any of plaintiff's federal rights were violated pursuant to a county policy or custom); *Wiggins v. Buffalo Police Dept.*, 320 F. Supp. 2d 53, 55-56 (W.D.N.Y. 2004) (dismissing with prejudice "Erie County Assigned Counsel Program" because public defenders and those assigned by the court are not state actors for purposes of the "state action" requirement of section 1983).

II.     **Application to proceed *in forma pauperis***

After a review of the application to proceed *in forma pauperis*, the application is denied because Plaintiff failed to provide complete information. Dkt. No. 2. For instance, when asked to state whether he is presently employed, Plaintiff wrote, "See monthly statement attached." *Id.* at 1. However, no statement is attached to the application. Also, when asked to state if he had received any money from any source within the past twelve months, Plaintiff wrote, "See monthly statement attached." *Id.* However, again, no statement is attached to the application. Moreover, responses that refer the reader to attachments are insufficient. Accordingly, the application is denied.

If Plaintiff wishes to apply again for *in forma pauperis* status, he must submit a new signed and completed *in forma pauperis application* **that is certified by an appropriate official** at the institution where Plaintiff is currently incarcerated **within thirty (30) days of the date of this Order**. If Plaintiff fails to file such an application within thirty (30) days, he will be required to pay the filing fee of $350.00 in order to proceed with this action.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended complaint, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that the application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as

incomplete; and it is further

**ORDERED**, that if Plaintiff wishes to apply again for *in forma pauperis* status, he must submit a **new signed and completed** application to proceed *in forma pauperis* **within thirty (30) days of the date of this Order**.  If Plaintiff fails to submit such an application within thirty (30) days of the date of this Order, he will be required to pay the filing fee ($350.00) in order to proceed with this action; and it is further

**ORDERED**, that the Clerk provide a blank copy of an application to proceed *in forma pauperis* to Plaintiff; and it is further

**ORDERED**, that the Clerk serve a copy of the electronically-available-only decision cited herein on Plaintiff;[3] and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 19, 2010
         Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[3] The decision is *Franklin v. Warren County D.A.'s Office*, No. 1:08-CV-0801, 2009 WL 161314 (N.D.N.Y. Jan. 21, 2009).