**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLEN MORRIS,**

             **Plaintiff,**

    **-v-**                               **09-cv-1412**

**JEFFERSON COUNTY PUBLIC**
**DEFENDER'S OFFICE and JEFFERSON**
**COUNTY,**

             **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.    INTRODUCTION

       Plaintiff Allen Morris commenced this civil right action pro se, asserting claims

pursuant to 42 U.S.C. § 1983.  <u>See</u> Am. Compl., dkt. # 7.[1]  Defendants Jefferson County

Public Defender's Office and Jefferson County move pursuant to Fed. R. Civ. P. 56 to

dismiss the action.  Dkt. # 62.  Plaintiff has opposed the motion, dkt. # 64, and Defendants

have filed a reply. Dkt. # 65.   For the reasons that follow, the motion is granted.

_____

[1]The Amended Complaint is deemed to have superseded the Complaint in all respects.  <u>See</u>
N.Y.N.D. L.R. 7.1(a)(4)(A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must
attach an unsigned copy of the proposed amended pleading to its motion papers. <u>Except if the Court
otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the
original pleading in all respects.</u> A party shall not incorporate any portion of its prior pleading into the
proposed amended pleading by reference.)(emphasis added).

## II.    BACKGROUND

On July 26, 2009, while Plaintiff was in the custody of the New York State Department of Correctional Services (DOCS) incarcerated at the Cape Vincent Correctional Facility in Jefferson County, New York, he was allegedly discovered excreting from his anus a blue bag found to contain a brown powdery substance.  A field test on the brown powder identified it as heroin.  Plaintiff was charged with various violations of DOCS's administrative regulations, and a Superintendent's Hearing was held on July 29th through August 6, 2009.  Plaintiff was found guilty at the hearing, and he thereafter appealed this decision.

On August 13,2009, while his appeal was pending, Plaintiff was arrested and arraigned in the Town of Cape Vincent Justice Court on the charges of Promoting Prison Contraband 1st Degree in violation of N.Y. Penal Law § 205.25, and Criminal Possession of a Controlled Substance 3rd Degree in violation of N.Y. Penal Law § 220.16(1).  Plaintiff was bound over for Grand Jury determination and returned to DOCS's custody.  Plaintiff asserts that he "was sent out of the facility and arraigned before my procedural due process rights [were] adjudicated and exhausted."  Am. Comp. ¶ 6.

On August 24, 2009, the Jefferson County Public Defender's Office received notice that it was assigned to represent the Plaintiff and an Assistant Public Defender was assigned to Plaintiff's case. Plaintiff asserts that "[f]rom the very point of assignment of counsel I expressed to the lawyer that my rights were violated,"[2] but "[a]t no point did [the

_____

[2]On September 8, 2009, Plaintiff sent the assistant public defender a letter stating, *inter alia*, that his rights at the arraignment had been violated because a lawyer was not present and because he had not been provided copies of the laboratory results of the substance he was charged with bringing into the correctional facility.

2

assistant public defender] move to get this matter resolved." Id.  Plaintiff contends that the Public Defender's Office "was not acting in an adversarial capacity, zealously propounding [sic] and representing me," but instead "acting as an arm of the prosecution." Id.

On September 11, 2009, the DOCS Appeals Officer hearing Plaintiff's Superintendent's Hearing appeal dismissed some of the administrative charges, stating: "the drug testing evidence provided does not support a positive finding for opiates."   On September 24, 2009, the assistant public defender handling Plaintiff's case had a telephone conversation with Plaintiff.  Plaintiff agreed to waive the 45-day rule contained in N.Y. Crim. Pro. L. § 190.80 (providing for the speedy presentment of a criminal case to a grand jury) because Plaintiff was already serving a sentence on an unrelated conviction. Plaintiff requested, however, that the criminal case against him be dismissed.  Counsel advised Plaintiff that the District Attorney would likely offer a plea bargain before the case was indicted; that if the plea bargain was rejected the matter would be presented to the Grand Jury; and that, pursuant to N.Y. Crim. Proc. Law § 255.20, the opportunity for making a motion to dismiss would be after an indictment was returned.[3]

On November 4, 2009, the assistant public defender sent Plaintiff a letter advising that the District Attorney's Office had offered a plea bargain.  On November 10, 2009, the assistant public defender received a letter from Plaintiff indicating that some of the administrative charges against Plaintiff had been dismissed,[4] and directing the assistant

---

[3] N.Y. Crim. Proc. Law § 255.20(1) provides that "[e]xcept as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be served or filed within forty-five days after arraignment and before commencement of trial . . . ."  Counsel understood this to apply to an arraignment on charges contained in an indictment. Porter Aff., ¶ 8.

[4] It is unclear from the record whether this is the first time that this information was conveyed to the assistant public defender, but for reasons discussed infra that fact is immaterial.

public defender to move to have the criminal charges dismissed on the grounds of double jeopardy.  On November 13, 2009, the assistant public defender sent Plaintiff an authorization to release Plaintiff's disciplinary hearing records to counsel, but Plaintiff did not execute and return the authorization.

On December 8, 2009, Plaintiff sent the assistant public defender a letter that "reminded" counsel that "no case" against Plaintiff existed; that asserted that Plaintiff's constitutional due process rights were violated because he was arraigned on the criminal charge before his appeal on the administrative charges was heard; and that stated that "[i]n light of this, I'm asking that no further inquiry be made and this matter closed."

On December 21, 2009, a representative of the Public Defender's Office appeared in Jefferson County Court and waived Plaintiff's right to a speedy trial.  The District Attorney's Office and the County Court Judge requested copies of Plaintiff's DOCS inmate disciplinary record and the appeals decision in which Plaintiff asserted that the DOCS disciplinary charges had been dismissed.  On December 22, 2009, the Public Defender's Office became aware that Plaintiff commenced the instant action. The Public Defender's Office applied to be relieved of legal representation of the Plaintiff, and sought to revoke the waiver of speedy trial with a reservation of that right for substitute counsel.  The Jefferson County Court relieved the Public Defender's Office and assigned substitute private legal counsel to represent Plaintiff.

Plaintiff appeared before the Grand Jury on January 27, 2010 with substitute legal counsel.  Plaintiff was thereafter indicted on the charges of Promoting Prison Contraband 1st Degree in violation of N.Y. Penal Law § 205.25, and Criminal Possession of a Controlled Substance 3rd Degree in violation of N.Y. Penal Law §220.16(1).  Subsequent

4

to the indictment and the filing of the Amended Complaint in this action, and while being represented by substitute legal counsel, Plaintiff pleaded guilty in Jefferson County Court to the charge of Criminal Possession of a Controlled Substance 3rd Degree.  Plaintiff's conviction was affirmed on appeal in People v. Morris, 94 A.D.3d 1450, 942 N.Y.S.2d 725 (4th Dept. 2012).

Plaintiff now asserts that the Public Defender's Office violated his constitutional rights by failing to move to dismiss the criminal accusatory instrument on the grounds that the charges were "barred by the Doctrine of Res Judicata Administrative Collateral Estoppel." Pl. Resp. L.R. 7.1(a)(3) Stat. of Facts, ¶ 1.  He also asserts that "[t]he municipality has liability because it is the provider to indigent defendants of legal representation.  Therefore, this raises a constitutional issue where injury was inflicted pursuant to a municipal policy or custom."  Am. Compl. ¶ 7.

## III.   STANDARD OF REVIEW

On a motion for summary judgment the Court must construe the properly disputed facts in the light most favorable to the non-moving party, see Scott v. Harris, 127 S. Ct. 1769, 1776 (2007), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  That is, "[s]ummary judgment is appropriate only if, after drawing all permissible factual inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." O'Hara v. National Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011)(citing Anemone v. Metro. Transp. Auth., 629 F.3d 97, 113 (2d Cir. 2011)).

5

## IV.    DISCUSSION

As recognized by Magistrate Judge Lowe in his Report Recommendation

addressing the original complaint in this matter:

> [S]ection 1983 creates a cause of action only against persons acting under
> color of state law. See, e.g., Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir.
> 1995).  A "public defender does not act under color of state law when
> performing a lawyer's traditional functions as counsel to a defendant in a
> criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981);
> accord Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).

Rep. Rec., p. 2.

Inasmuch as the allegations against Defendants arise solely within in the context of

Plaintiff's representation by his assigned assistant public defender and concern only

counsel's performance of a "lawyer's traditional functions," Defendants could not act under

color of state law such to support Plaintiff's causes of action against them pursuant to 42

U.S.C. §1983.  See Franklin v. Warren County D.A.'s Office, 1:08CV801 (GLS/RFT), 2009

WL 161314 (N.D.N.Y. Jan. 21, 2009)(Treece, MJ).[5]

Further, Plaintiff fails to establish that anything the assistant public defender did or

failed to do amounted to a deprivation of Plaintiff's constitutional or federally protected

rights. Plaintiff's mere allegations that the Public Defender's Office was acting "as an arm

of the prosecution" as opposed to zealously advocating for Plaintiff's interests fails to set

forth any specific facts supporting an actionable claim for the deprivation of a federally

protected right.  Likewise, Plaintiff's contention that the assistant public defender caused a

_____

[5]("[I]t is clear that a public defender, in representing an indigent client, is not acting under color of
state law. Polk County v. Dodson, 454 U.S. 312, 321, 102 S. Ct. 445, 70 L. Ed.2d 509 (1981); Bourdon v.
Loughren, 386 F.3d 88, 90 (2d Cir.2004) (noting that a claim for ineffective assistance of counsel is not
actionable in a § 1983 proceeding and further citing Polk County for the proposition that public defenders do
not act under color of state law and are not subject to suit under § 1983.")

constitutional injury by failing to seek dismissal of the criminal charges because of the apparent dismissal of some of the DOCS's administrative charges fails to establish a claim.  The fact that, after the Public Defender's Office's representation of Plaintiff ended, Plaintiff was indicted by a Grand Jury on the same charges he asked to have dismissed; that Plaintiff eventually pleaded guilty to one of those charges; and that his conviction was affirmed on appeal all negate the conclusion that his counsel acted in a constitutionally deficient manner. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (To successfully prove a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) there is a "reasonable probability that, but for counsel's errors the result of the proceeding would have been different.").  Moreover, even if there was a basis for dismissal of the charges at a preliminary stage of the proceedings, the fact that Plaintiff was held in the custody of DOCS on an unrelated matter during the pendency of the criminal charges in Jefferson County Court defeats any claim that he suffered any prejudice by counsel's failure to move for dismissal.  Id.

Plaintiff's policy and custom claim against the municipal entity is wholly conclusory and fails to state an actionable claim.  A municipality can only be held liable when the municipality itself commits a wrong, and liability may not be based on a theory of respondeat superior. Bd. of County Commissioners v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382 (1997); Pembaur v.City of Cincinatti, 475 U.S. 469, 478, 106 S. Ct. 1292 (1986). For a municipality to be held liable under 42 U.S.C. § 1983 for an official custom or policy, Plaintiff must prove "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the

7

municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31,36 (2d Cir. 2008); see Monell v. Dept. of Social Services. 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978).

As indicated above, Plaintiff fails to establish that any complained of actions were taken under color of state law, or that any of the actions of the Public Defender's Office violated Plaintiff's federally protected rights thus to support a § 1983 claim.  Because the Public Defender's Office's actions fail to support a § 1983 claim, it follows that the allegations fail to support a § 1983 municipality policy, custom, or practice claim. See Franklin, 2009 WL 161314, at *4-6 (N.D.N.Y. Jan. 21, 2009) (Sharpe, J.) (dismissing claim against county because there was no indication that any of plaintiff's federal rights were violated pursuant to a county policy or custom).

## V.      CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment [dkt. # 62] is **GRANTED** and the action is **DISMISSED**.

**IT IS SO ORDERED**

**Dated:** August 7, 2012

Thomas J. McAvoy
Senior, U.S. District Judge

8